UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK R. WOODS,                       )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        CAUSE NO. 3:14-CV-1900 RM
                                        )
                                        )
TIMOTHY NUSICH, et al.,                 )
                                        )
                    Defendants.         )

OPINION AND ORDER

Derrick R. Woods, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983.

(DE 2.) The court must review the complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The complaint

must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of

Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. at 603. Thus, the plaintiff "must do

better than putting a few words on paper that, in the hands of an imaginative reader, might

suggest that something has happened to her that might be redressed by the law." Swanson

v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in

mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." <u>Savory v. Lyons</u>, 469 F.3d 667, 670 (7th Cir. 2006).

According to the complaint, Mr. Woods is incarcerated at the Westville Correctional Facility. Mr. Woods, an African-American, claims that on September 13, 2012, Munster Police Officer Timothy Nusich saw him exit a taxi, then turned his patrol vehicle around to observe Mr. Woods even though there was no indication of criminal activity. Later, during an investigatory stop, Officer Nusich fired his taser gun on Mr. Woods despite Woods being in a surrendering position with his knees on the ground and both hands above his head. Officer Nusich then went on to conduct a warrantless search of two cell phones. Officer Nusich searched data stored in the phone, including, pictures, videos, and phone book information. Mr. Woods brings his §1983 lawsuit against Officer Nusich and the Town of Munster for violating his civil rights by engaging in racial profiling, using excessive force during the arrest and conducting a warrantless search of Mr. Woods' two cell phones.

To start, Mr. Woods alleges that Officer Nusich violated his Fourth Amendment rights by using excessive force. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular

seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. Id. The "core requirement" for an excessive force claim is that the defendants "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted).

Taking Mr. Woods' allegations as true, he was on his knees, with his hands above his head in a surrendering position, and did not engage in any physical resistance. He alleges that even though he was surrendering, Officer Nusich used a taser on him. Giving Mr. Woods the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against Officer Nusich.

Next, Mr. Woods alleges that his civil rights were violated when Officer Nusich followed him as a result of racial profiling. "Racial profiling, or selective enforcement of the law, is a violation of the Equal Protection Clause." Sow v. Fortville Police Dep't, 636 F.3d 293, 303 (7th Cir. 2011). Typical racial profiling cases involve police officers stopping and detaining individuals without suspicion or cause based on race. But because there is no discriminatory effect stemming from an officer following a person, as there is when an officer actually stops and detains a person, there is no federal constitutional claim for

unlawful racial profiling when officers merely follow a person based on race. Langston v. Shiaishi, No. 2:11-cv-1624, 2013 WL 1983405 (E.D. Cal. May 13, 2013); Mills v. United States, Nos. CV-409-051, CR406-095, 2010 WL 4237802 (S.D. Ga. Sept. 29, 2010). Mr. Woods doesn't allege that he was stopped or detained based on his race; he alleges only that Officer Nusich turned his car around to observe him exit the taxi based on his race. Based on these facts, it is not plausible that Officer Nusich is liable to Mr. Woods for a violation of the Equal Protection Clause.

Mr. Woods complains that during the arrest Officer Nusich conducted a warrantless search of his cell phones without permission. Police officers must secure a warrant before conducting a search of data on cell phones following a search incident to an arrest, Riley v. California, 134 S.Ct. 2473, 2485 (2014), but Officer Nusich's conduct is "assessed in light of the legal rules that were clearly established" at the time of the complained of search. Pearson v. Callahan, 555 U.S. 223, 243-244 (2009). Officer Nusich's alleged search took place in September 2012, two years before the Supreme Court's decision in Riley.

"Qualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Gibbs v. Lomas, 755 F.3d 529, 536 (7th Cir. 2014) (quotation omitted). In deciding whether Officer Nusich is entitled to qualified immunity, the court applies a two part test: "(1) whether the facts, taken in the light most favorable to plaintiff, make out a violation of a constitutional right, and (2)

whether that constitutional right was clearly established at the time of the alleged violation. <u>Id.</u>

Mr. Woods had no clearly established constitutional right to be free from the search of data on cell phones following a search incident to an arrest in September 2012. "An officer conducting a search is entitled to qualified immunity where clearly established law does not show that th search violated the Fourth Amendment." <u>Pearson v. Callahan</u>, 555 U.S. at 243-244. "To be clearly established at the time of the challenged conduct, the right's contours must be 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right,' and 'existing precedent must have placed that statutory or constitutional question beyond debate.'" <u>Rabin v. Flynn</u>, 725 F.3d 628, 635 (7th Cir. 2013) (quotation omitted).

In September 2012, the legal landscape of the Fourth Amendment as it pertains to the search of cell phones was unclear in Indiana. There was no clearly defined limits to the lengths to which a police officer could go in searching a cell phone incident to an arrest. In <u>United States v. Flores-Lopez</u>, 670 F.3d 803, 810 (7th Cir. 2012), the court of appeals held that the warrantless search of a cell phone for its phone number did not infringe the Fourth Amendment. The court went on to discuss and wrestle at length with the idea of setting parameters for officers searching cell phones that were seized from individuals incident to an arrest. The court decided "these are questions for another day . . .." <u>Id.</u>

A reasonable officer in Officer Nusich's position in September 2012 could have believed the search of Mr. Woods' phone did not require a warrant. There was no clearly

established law excluding cell phone contents from a search incident to an arrest of the phone's owner. Officer Nusich is entitled to qualified immunity on this claim.

As a final matter, Mr. Woods' claim against the Town of Munster cannot proceed. Mr. Woods explicitly states that he is not bringing any separate claims against the Town of Munster, and named the Town of Munster "for indemnification purposes or vicarious liability." (DE 2, p. 5, ¶ 4.)There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the city can't be held liable simply because it employed the officer involved in this incident. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001).

For these reasons, the court:

(1) GRANTS Derrick R. Woods leave to proceed against Officer Timothy Nusich in his individual capacity for monetary damages for violating his Fourth Amendment rights by using excessive force on September 13, 2012;

(2) DISMISSES the Town of Munster as a defendant;

(3) DIRECTS the United States Marshals Service to effect service of process on Officer Timothy Nusich pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS Officer Timothy Nusich to respond, as provided for in the Federal Rules of Civil Procedure, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July _2_, 2015           ____/s/ Robert L. Miller, Jr._____
                                  Judge
                                  United States District Court