UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DERRICK R. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:14-CV-1900 RM |
| | ) | |
| | ) | |
| TIMOTHY NOSICH, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Derrick R. Woods, a *pro se* prisoner, filed an amended complaint[1] pursuant to 42 U.S.C. § 1983. (DE 21.) 28 U.S.C. § 1915A requires the court to review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). "A

---

[1] Although the amended complaint was not accompanied by a motion for leave to file, the court will allow Mr. Woods to proceed on the amended complaint. See Fed. R. Civ. P. 15(a)(2) (noting that leave should be freely given when justice so requires).

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

According to the amended complaint, Mr. Woods is incarcerated at the Westville Correctional Facility. He brings suit about events that happened before his incarceration. Mr. Woods claims that on September 13, 2012, he and Munster Police Officer Timothy Nosich had a consensual encounter discussing Mr. Woods's prior criminal conduct. Mr. Woods decided to end the conversation and began to walk, then jog, away from Officer Nosich. Without reason or probable cause, Officer Nosich chased after Mr. Woods. Eventually, Mr. Woods went to his knees and placed his hands in the air. Officer Nosich used his taser gun on Mr. Woods despite Mr. Woods's position of surrender. Officer Nosich arrested Mr. Woods without reason or cause. Mr. Woods brings suit against Officer Nosich seeking money damages for use of excessive force, false arrest and false imprisonment under the Fourth Amendment of the United States Constitution as well as a state law claim of intentional infliction of emotional distress.

Mr. Woods alleges that Officer Nosich violated his Fourth Amendment rights by using excessive force. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must

be objectively reasonable in light of the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. Id. The "core requirement" for an excessive force claim is that the defendants "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted).

If Mr. Woods's allegations are true, he was on his knees, with his hands above his head in a surrendering position, and didn't engage in any physical resistance. Even though he was surrendering, Officer Nosich used a taser on him. Further factual development might show that Mr. Woods was resisting or that the use of force was otherwise reasonable under the circumstances, giving Mr. Woods the inferences to which he is entitled at this stage, he has alleged a plausible Fourth Amendment claim against Officer Nosich.

Mr. Woods claims that Officer Nosich falsely arrested him. To establish a claim of false arrest in violation of the Fourth Amendment, a plaintiff must show that he was arrested without probable cause. Lawson v. Veruchi, 637 F.3d 699, 703 (7th Cir. 2011).

Probable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed. . . an offense." Id. (internal citation omitted). Probable cause to arrest a suspect for any offense, even one occurring outside the officer's presence, bars liability for false arrest. Brooks v. City of Aurora, 653 F.3d 478, 484–86 (7th Cir. 2011).

Mr. Woods's complaint is rather light on detail, but it can be read to allege that the Officer Nosich had no basis to stop or arrest Mr. Woods. Further factual development might show that Officer Nosich had probable cause to arrest Mr. Woods. Still, giving Mr. Woods the inferences to which is entitled at this stage, he has alleged enough to proceed further against the officer.

Mr. Woods alleges that his false arrest caused him to be falsely imprisoned. Under the Fourth Amendment, this claim is known as unreasonable post-arrest detention. Tibbs v. City of Chicago, 469 F.3d 661, 665 (7th Cir. 2006). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Mr. Woods only alleges that he was falsely imprisoned due to Officer Nosich's false arrest. Apparently,

he was falsely imprisoned for only a short period of time as he doesn't allege that this arrest resulted in any charges against him or a conviction. Giving Mr. Woods the inferences to which is entitled, the complaint alleges enough to proceed further against the officer for a Fourth Amendment false imprisonment claim.

Finally, Mr. Woods asserts that Officer Nosich's use of the taser gun constituted the state tort of intentional infliction of emotional distress. Mr. Woods alleges Officer Nosich used the taser gun on him because Officer Nosich was upset that Mr. Woods had previously been the target of many sting operations that hadn't resulted in any charges against him. Officer Nosich would be immune from this claim if he were engaged in a law enforcement activity at the time he deployed his taser, Miller v. City of Anderson, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002), but Mr. Woods alleges that Officer Nosich used the taser on him for reasons other than enforcing a law. Giving Mr. Woods the inferences to which is entitled, he has alleged enough to proceed further against the officer on this claim.

For these reasons, the court:

(1) GRANTS Derrick R. Woods leave to proceed against Officer Timothy Nosich in his individual capacity for monetary damages for violating his Fourth Amendment rights by using excessive force and falsely arresting and falsely imprisoning Mr. Woods on September 13, 2012;

(2) GRANTS Derrick R. Woods leave to proceed against Officer Timothy Nosich in his individual capacity for monetary damages for the tort of intentional

infliction of emotional distress by using his taser on Mr. Woods on September 13, 2012;

    (3) DISMISSES all other claims; and

    (4) ORDERS Officer Timothy Nosich to respond, as provided for in the Federal Rules of Civil Procedure, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September  9 , 2015       /s/ Robert L. Miller, Jr.
                                                       Judge
                                                       United States District Court